Filed 10/4/24  P. v. Sapp CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083274 |
| v. | (Super.Ct.No. RIF114377) |
| NATHANIEL DECARLO SAPP, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Dismissed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On December 29, 2005, a jury found defendant and appellant Nathaniel DeCarlo Sapp guilty of first degree murder.  (Pen. Code, § 187, subd. (a), count 1.)[1]  The jury

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

further found true two felony-murder special-circumstance allegations: that defendant committed the murder while engaged in the crimes of robbery (§ 190.2, subd. (a)(17)(A)) and carjacking (§ 190.2, subd. (a)(17)(L)). The court sentenced defendant to life without parole.[2] (*Sapp I*, *supra*, E040320; *Sapp II*, *supra*, E072769; *Sapp III*, *supra*, E076694.)

On January 7, 2019, defendant filed a petition for resentencing pursuant to former section 1170.95,[3] which the superior court summarily denied. (*Sapp II*, *supra*, E072769; *Sapp III*, *supra*, E076694.) Defendant appealed. We reversed and remanded the matter for reconsideration. (*Ibid.*)

On remand, the superior court reconsidered the matter and, again, denied defendant's petition. Defendant appealed, again contending the court erred in denying his petition. We reversed and remanded the matter for an evidentiary hearing. (*Sapp III*, *supra*, E076694.)

On remand, the court issued an order to show cause and held an evidentiary hearing, after which the court, again, denied defendant's petition. The court found "overwhelming evidence that the defendant is guilty of murder in the first degree as either the actual slayer or as a major participant acting with a reckless disregard."

---

[2] We take judicial notice of this court's unpublished opinions in *People v. Sapp* (June 26, 2007, E040320) (*Sapp I*), from defendant's appeal of the judgment; *People v. Sapp* (May 26, 2020, E072769) (*Sapp II*), from his appeal of the initial denial of his former section 1170.95 petition; and *People v. Sapp* (Sept. 20, 2022, E076694) (*Sapp III*), defendant's appeal from the denial of his petition after this court reversed and remanded the matter. (Evid. Code, § 459.)

[3] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

Therefore, the court ruled "beyond a reasonable doubt that the People have proved that the defendant is guilty of murder in the first degree."

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 738,[4] and *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of facts, a statement of the case, requesting that we independently review the record for error, and identifying two potentially arguable issues: (1) whether the court followed the proper procedures when it denied defendant's petition after an evidentiary hearing; and (2) whether sufficient evidence supports the court's findings.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

---

[4] In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court held that *Wende* and *Anders* procedures do not apply to appeals from the denial of postjudgment proceedings. (*Delgadillo*, at pp. 224-226.) Appellate counsel contends that since *Delgadillo* applied to the denial of a section 1172.6 case at the prima facie stage, rather than after an evidentiary hearing as here, we are required to apply *Wende* and *Anders* procedures to the instant case. We do not so narrowly construe the holding of *Delgadillo*. We broadly interpret *Delgadillo* as applying to all postjudgment proceedings. (*Ibid*.)

3

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    J.

We concur:

RAMIREZ
                 P. J

MENETREZ
                 J.